# United States Court of Appeals
## For the First Circuit

No. 24-1258

MATEUS SANCHES ALVES; FRANCIELE DOS REIS OLIMPIO ALVES;
E.M.S.R.,

Petitioners,

v.

Pamela Bondi,[*] Attorney General,

Respondent.

PETITION FOR REVIEW OF A DECISION OF
THE BOARD OF IMMIGRATION APPEALS

Before
Barron, Chief Judge,
Breyer,[**] Associate Justice,
and Kayatta, Circuit Judge.

Lidice D. Samper and Samper Law LLC for petitioners.
Marie V. Robinson, Attorney, Office of Immigration
Litigation, Department of Justice, Brian M. Boynton, Principal
Deputy Assistant Attorney General, and Cindy S. Ferrier, Assistant
Director, for respondent.

February 12, 2025

---

[*] Pursuant to Fed. R. App. 43(c)(2), Pamela Bondi has been
substituted for Merrick B. Garland as Attorney General.
[**] Hon. Stephen G. Breyer, Associate Justice (Ret.) of the
Supreme Court of the United States, sitting by designation.

**BREYER**, **Associate Justice**.  Petitioner Franciele dos Reis Olimpio Alves, a native and citizen of Brazil, challenges an order of the Board of Immigration Appeals (BIA) denying her asylum application.  We deny the petition.

## I.

Olimpio, along with her husband and child, arrived in the United States in 2021 and were placed in removal proceedings soon thereafter.  They conceded removability, and Olimpio filed an application for asylum (for herself and for her husband and child as derivatives), withholding of removal, and protection under the Convention Against Torture.  With respect to her asylum application, Olimpio alleged that, in Brazil, she had suffered abuse at the hands of her ex-partner.

After a hearing, the Immigration Judge (IJ) denied her request for relief.  The IJ concluded that, even assuming the abuse Olimpio suffered amounted to persecution, she had not shown that such persecution was on account of a protected ground.

Olimpio appealed the IJ's denial of her asylum claim, and the BIA affirmed.  The BIA held that the IJ's conclusion -- that Olimpio's "ex-partner was and would be motivated to harm [her] based on personal issues regarding their relationship," and not on account of her membership in a particular social group -- was supported by the record.

Olimpio, along with her husband and child, now petition for review of the BIA's denial of Olimpio's asylum application.

## II.

"Where, as here, the BIA 'adopts portions of the IJ's findings while adding its own gloss, we review both the IJ's and the BIA's decisions as a unit.'" Escobar v. Garland, 122 F.4th 465, 473 (1st Cir. 2024) (quoting Paiz-Morales v. Lynch, 795 F.3d 238, 242 (1st Cir. 2015)). We review legal conclusions de novo and the agency's findings of fact under the deferential "substantial-evidence standard." Id. Under the substantial-evidence standard, we must uphold the agency's factual findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." Singh v. Mukasey, 543 F.3d 1, 4 (1st Cir. 2008) (quoting Silva v. Gonzales, 463 F.3d 68, 72 (1st Cir. 2006)).

## III.

"To be eligible for asylum, the applicant must show that she is unwilling or unable to return to her country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." Pojoy-De León v. Barr, 984 F.3d 11, 16 (1st Cir. 2020) (quotation marks and citation omitted). The applicant must also show "that the claimed persecution was or will be 'on account of' a statutorily protected ground." Id. at 16

- 3 -

(quoting 8 U.S.C. § 1101(a)(42)(A)).  This is often called the "nexus" requirement.  Id.

Before us and the agency, Olimpio argued that she suffered past persecution on account of her membership in the particular social group: "Brazilian women who are victims of domestic violence."  We need not decide whether that is a cognizable social group because the agency reasonably concluded that Olimpio had not shown the requisite nexus between that group and her past or future harm.  The agency found that Olimpio's ex-partner was motivated to harm her "based on personal issues regarding their relationship," and not because she was a member of the "Brazilian women who are victims of domestic violence" group.  That conclusion is supported by the record: Olimpio testified that the first time her ex-partner hit her was when she left him and went to stay with her father, and that he threatened her when she refused to return.  In short, the evidence in the record does not compel a finding that "the scope of [any] persecution extends beyond a 'personal vendetta.'"  Pojoy-De León, 984 F.3d at 17 (alteration in original) (quoting Costa v. Holder, 733 F.3d 13, 17 (1st Cir. 2013)); see also Espinoza-Ochoa v. Garland, 89 F.4th 222, 237 (1st Cir. 2023) ("'[P]ersonal disputes are generally not enough to show the required nexus' between past harm and a protected ground." (alteration in original) (quoting Barnica-Lopez v. Garland, 59 F.4th 520, 531 (1st Cir. 2023))).

Because the agency's conclusion that Olimpio did not show the requisite nexus between her proffered social group and past or future harm was a sufficient basis for its denial of her application, we need not reach her remaining arguments.

**IV.**

For the foregoing reasons, the petition for review is denied.